

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FARERI FINANCIAL SERVICES, INC.        )
d/b/a AMERIFINANCIAL,                   )
                                       )
    Plaintiff,                         )
                                       )
vs.                                    )        CIVIL ACTION NO. _____
                                       )
PERSHING, LLC                          )
                                       )
    Defendant.                         )
                                       )

## DEFENDANT'S NOTICE OF REMOVAL

Defendant PERSHING, LLC files this notice of removal under 28 U.S.C. § 1446(a).

## A.  Introduction

1.    Plaintiff is FARERI FINANCIAL SERVICES, INC. d/b/a AMERIFINANCIAL ("Plaintiff"); Defendant is PERSHING, LLC ("Defendant").

2.    On or about April 25, 2006, Plaintiff filed its Verified Complaint against Defendant for (1) a temporary and permanent injunction; (2) tortious interference with business relations; (3) conversion; (4) civil theft in violation of Chapter 772, *Florida Statutes*; (5) fraud; (6) breach of contract; and (7) unjust enrichment, in the Circuit Court of the 15th judicial Circuit in and for Palm Beach County, Florida.  Defendant was served with the Verified Complaint on April 27, 2006.

3.    Defendant timely filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## B.  Basis for Removal

4.      Removal is proper because there is complete diversity between the parties and a sufficient amount of money is in controversy.  That is, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state. . . ."  28 U.S.C. §1332(a)(2).

5.      Plaintiff is a citizen of the state of Florida.  Plaintiff is a "Florida corporation organized under and by virtue of the laws of the State of Florida" with its principal place of business in Florida. (Pl.'s Verified Compl. ¶ 2).

6.      Defendant is not a citizen of Florida.  Defendant is now and was at the time that the action was filed a Delaware limited liability corporation with its principal place of business at 1 Pershing Plaza, Jersey City, New Jersey 07399.

7.      Upon information and belief, the amount in controversy exceeds $75,000, excluding interest, costs, and attorneys' fees.  Although the Verified Complaint does not specifically identify the monetary relief sought, Plaintiff's Verified Complaint alleges that Defendant breached its contract with Plaintiff, unjustly converted $50,000 of Plaintiff's money and committed additional misconduct that damages "Plaintiff's business, goodwill and reputation." (Pl. Verified Compl. at p. 13)

8.      All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

2

9.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removal action has been pending.

10.     Defendant will file promptly a copy of this notice of removal with the clerk of the state court where the action has been pending.

11.     No admissions of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions, including but not limited to, motions to compel arbitration of this dispute are hereby reserved.

### C.  Jury Demand

12.     Plaintiff demanded a jury in the state court action.

### D.  Conclusion

13.     This matter is properly removed to this United States District Court for the Southern District of Florida for the reasons stated above.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

By: _____ 334499

for     BENNETT FALK
Fla Bar. No. 208884
Attorney at law
Bressler, Amery & Ross, P.C.
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027
Telephone (954)-499-7979
Facsimile (954)-499-7969

Attorney for Defendant Pershing, LLC

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record on this 5th day of May 2006:

Jan Douglas Atlas
Jeffrey A. Backman
Attorneys at Law
ADORNO & YOSS, LLP                                    VIA CERTIFIED MAIL
350 E. Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida 33301

_____
BENNETT FALK

4



CORPORATION SERVICE COMPANY

## Notice of Service of Process

TTG / ALL
Transmittal Number: 4451709
Date Processed: 04/27/2006

Primary Contact:     Mr. Anthony Mancuso
Bank of New York
One Wall Street
Floor 29th
New York, NY 10286

| | |
|---|---|
| Entity: | Pershing LLC |
| | Entity ID Number 2124688 |
| Entity Served: | Pershing LLC |
| Title of Action: | Ferrer Financial Services, Inc. vs. Pershing LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Palm Beach County Circuit Court, Florida |
| Case Number: | 50 2006 CA 004038 XXXX MB |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 04/27/2006 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Jan Douglas Atlas |
| | 954-763-1200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action

To avoid potential delay, please do not send your response to CSC
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. _____

2006 CA 004038 XXXX NB

FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL,

    Plaintiff,

vs.

PERSHING LLC,

    Defendant.

_____/

PRIORITY

Date 4-27-06 Time 2:30PM Served
MICHAEL G. NOEL NO. 111
is a certified process server
in the Circuit and County Courts
in and for the Second Judicial Circuit

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Verified
Complaint and the Verified Motion for Temporary Injunction Without Notice on Defendant

PERSHING LLC

By Serving its Registered Agent:    Corporation Service Company
                                  1201 Hays Street
                                  Tallahassee, FL 32301-2525

    Defendant is required to serve written defenses to the Complaint on JEFFREY A.
BACKMAN, ESQ., Plaintiff's attorney, whose address is ADORNO & YOSS LLP, Suite 1700, 350
East Las Olas Boulevard, Fort Lauderdale, Florida 33301, within 20 days after service of this
Summons on that Defendant exclusive of the day of service, and to file the original of the defenses
with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.
If Defendant fails to do so, a default will be entered against the Defendant for the relief demanded
in the Complaint.

    WITNESS my hand and the Seal of said Court. APR 25 2006

Sharon R. Bock
Clerk of the Court

As Deputy Clerk

CATHERINE MAY

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

JBACKMAN/213926 0013/N0603193_1

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO. _____

FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL,

      Plaintiff,

vs.

PERSHING LLC,

      Defendant,

_____/

NO 2006 CA 004038 XXXX NB

COPY
RECEIVED FOR FILING

APR 25 2006

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**VERIFIED COMPLAINT**

Plaintiff FARERI FINANCIAL SERVICES, INC. d/b/a AMERIFINANCIAL ("Plaintiff"),

by its undersigned counsel, hereby sues Defendant PERSHING LLC ("Defendant"), and alleges as

follows:

      1.    This is an action for equitable relief and damages in excess of Fifteen Thousand

($15,000.00) Dollars, which is within the jurisdiction of this Court.

      2.    Plaintiff is a Florida corporation organized under and by virtue of the laws of the State

of Florida.

      3.    Defendant is a Delaware limited liability company, with its principal place of business

in Jersey City, New Jersey. Defendant conducts business activities throughout the United States,

including the State of Florida.

      4.    Jurisdiction and venue are appropriately based in Palm Beach County, Florida as to

the Defendant by virtue of its conduct more fully described herein, its business activities with

Plaintiff in Palm Beach County, Florida and the breach of the agreement it has with Plaintiff.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800
JBACKMAN/213926 0013/N0603025_1)

CASE NO.

5.    Defendant is subject to personal jurisdiction in this Court pursuant to Florida's Long-Arm Statute, Section 48.193, et seq., since at all times material hereto, Defendant:

(a)    operated, conducted, engaged in, or carried on a business or business venture in this state or had an office or agency in this state;

(b)    committed a tortious act within this state;

(c)    caused injury to persons or property within this state arising out of an act or omission outside of this state, and, at or about the time of the injury, these Defendants:

1.    were engaged in solicitation or service activities within this state;

(d)    breached a contract in this state by failing to perform acts required to be performed in this state; and/or

(e)    engaged in substantial and not isolated activity within this state.

6.    Defendant directly and/or through its agents, affiliates and/or subsidiaries, conducted substantial activity in this state and purposefully availed itself of the privileges of the State of Florida by engaging in numerous business transactions with Plaintiff and other Florida entities, communicating with customers of Plaintiff and purchasing and selling securities for Plaintiff and/or Plaintiff's customers located in the State of Florida.

7.    Plaintiff is an introducing broker-dealer registered and in good standing with the SEC, NASD and other regulatory agencies. As part of its business, Plaintiff spends a considerable amount of time, money and effort in obtaining customers throughout the country, including the State of Florida. Plaintiff assists its customers in investing their money and provides them the means to buy and sell securities, among other things.

CASE NO.

8.      In order to facilitate its business operations and provide full service to its customers, Plaintiff requires the use of a clearing broker-dealer. A clearing broker-dealer is firm that handles the clearance and settlement of securities transactions for introducing brokers. Additionally, in some instances, the clearing broker-dealer provides other services, such as back-office functions and record-keeping activities.

9.      Defendant is a clearing broker-dealer and acted in such a capacity for Plaintiff.

10.     On or about May 18, 2004, Plaintiff and Defendant entered into a Fully Disclosed Clearing Agreement, whereby Defendant would act as Plaintiff's clearing broker-dealer (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A".

11.     According to the Agreement, it remains in effect until terminated by either party under certain enumerated circumstances.

12.     Plaintiff and Defendant have enjoyed their relationship for several years, each watching the others business flourish and grow.

13.     However, in or about April, 2006, Defendant contacted Plaintiff advising Plaintiff of certain concerns. Defendant was concerned that Defendant had recently been named in several lawsuits concerning their handling of customer accounts, to-wit: specifically in connection with one security, Secure Solutions Holding, Inc. ("SSLX"). Several conversations took place among counsel for Plaintiff and counsel for Defendant, resulting in Defendant's request for an additional $50,000.00 security from Plaintiff. In addition, Plaintiff delivered a substantial amount of documentation demonstrating the baseless nature of the purported claims surrounding SSLX. Plaintiff agreed to

CASE NO.

provide the additional $50,000.00 security and Defendant agreed to remain as Plaintiff's clearing broker-dealer.

14. Following this communication, Defendant withdrew $50,000.00 from Plaintiff's account for Defendant's benefit. Shortly thereafter, and despite its conversion of the $50,000.00 to its own use and benefit, Defendant sent Plaintiff a termination letter (the "Termination Notice"). A true and correct copy of the Termination Notice is attached hereto as Exhibit "B".

15. As an initial matter, the Termination Notice is invalid and relies upon the wrong Paragraph of the Agreement. The Termination Notice states that it is pursuant to Paragraph 23.1 of the Agreement, which pertains to the "Confidential Nature of Documents and Other Information."

16. Paragraph 22.0, et seq. deals with the manner in which the Agreement may be terminated. Paragraph 22.1 states:

22.1 Termination Upon 90-Day Notice. This Agreement may be terminated by either party without cause upon ninety days prior notice. If either party terminates the Agreement pursuant to this subparagraph, Pershing [Defendant] shall have the right to impose reasonable limitations upon Broker's activities during the period between the giving of Notice and the transfer of Broker's Accounts.

17. Defendant's limitations in its Termination Notice are outrageous and unreasonable, effectively putting Plaintiff out of business.

18. Defendant has refused to do any business on Plaintiff's behalf other than (1) trades to liquidate from positions held in account and (2) first party check requests. Among other things, Defendant is precluding Plaintiff from buying any securities for its customers.

19. Defendant's actions are not "reasonable" and not in good faith. Refusing to purchase securities at the request of Plaintiff on behalf of Plaintiff's customers will effectively shut down

CASE NO.

Plaintiff's business and destroy its business relationships with its customers, as Defendant is thoroughly aware. Plaintiff is in the business of buying and selling securities through its clearing broker-dealer, Defendant, and Defendant has full knowledge of the fact that without such an ability, Plaintiff cannot conduct its everyday business activities.

20.     Defendant's actions and true intentions are further revealed by its Agreement to accept $50,000.00 to remain as the clearing broker-dealer and only days later, sending the Termination Notice to Plaintiff.

21.     Defendant is seeking to destroy Plaintiff's business and reputation and unfortunately, is succeeding through its tortious conduct.

22.     Plaintiff has retained the undersigned attorneys to protect its interests in this action and is obligated to pay the undersigned legal fees for said representation.

23.     Plaintiff has performed all conditions precedent to the institution of this action, or said conditions have been excused or otherwise waived.

### AS AND FOR A FIRST
### CAUSE OF ACTION
#### (Temporary and Permanent Injunction)

24.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "21" above, with the same force and effect as if set forth more fully herein.

25.     This is an action by Plaintiff for temporary and permanent injunctive relief against Defendant, which is within the equitable jurisdiction of this Court.

26.     Defendant has engaged in the improper and unlawful conduct more fully described above  Although the Agreement allows Defendant the ability to terminate the Agreement with 90

CASE NO.

days notice to Plaintiff, it requires Plaintiff to act reasonably during the 90 day termination period;

Plaintiff's refusal to purchase securities, knowing the irreparable effect it would have on Plaintiff's

business, is unreasonable.

27.     Plaintiff will be irreparably harmed if Defendant is permitted to continue engaging

in such conduct and refusing to perform in accordance with the parties' Agreement. Defendant's

actions are unreasonable and not permissible under the Agreement.

28.     In addition, Defendant has engaged in a manipulative and deceptive scheme to induce

Plaintiff to pay an additional $50,000.00 to Defendant, despite Defendant's knowledge that it had

no intention of continuing to act as Plaintiff's clearing broker-dealer. Defendant's actions are also

intended to interfere with Plaintiff's business relationships with its customers.

29.     Plaintiff has no adequate remedy at law as damages are nonquantifiable,

unascertainable and speculative.

30.     Plaintiff has a clear legal right to the relief requested in that Defendant's actions are

contrary to law.

31.     The injunction requested is not adverse to the public interest in that the public interest

will not be served by allowing Defendant to engage in wrongful conduct such as described herein.

## AS AND FOR A SECOND
## CAUSE OF ACTION
### (Tortious Interference with Business Relations)

32.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1"

through "21" above, with the same force and effect as if set forth more fully herein.

CASE NO.

33. At all times material hereto, Defendant had notice of and knowledge among Plaintiff, and its customers regarding their relationships and status with Plaintiff.

34. By engaging in the improper conduct more fully described above, Defendant has destroyed, attempted to destroy, and is continuing to destroy Plaintiff's relationships with its customers in an effort to destroy Plaintiff's business.

35. Unless Defendant is enjoined from engaging in this improper conduct, Defendant will continue to interfere further.

36. The acts of Defendant are calculated to cause damage to Plaintiff and are being done with the unlawful purpose to destroy Plaintiff's relationships with its customers and business.

37. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged and will continue to be damaged now and in the future as a result of these acts.

38. Plaintiff is in danger of imminent collapse and financial ruin if Defendant's actions are not thwarted.

**AS AND FOR A THIRD**
**CAUSE OF ACTION**
**(Conversion)**

39. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "21" above, with the same force and effect as if set forth more fully herein.

40. Defendant through its actions as further alleged above, knowingly and wrongfully obtained the property of Plaintiff, to-wit: $50,000.00, by unlawfully and physically asserting dominion and control over said property under false pretenses and refusing to return same.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-760-7800
JBACKMAN/713926.0013/N0603025_1

7

CASE NO.

41.     Defendant has no ownership interest in the property and obtained the funds through false pretenses, fraud, deceit and misrepresentation.

42.     Despite due demand, Defendant has failed and refused to return the property to Plaintiff.

43.     Defendant has unilaterally, and without a proper purpose or basis, deprived Plaintiff of its interest in the property.

44.     Plaintiff has suffered substantial monetary damages as a result of Defendant's actions.

## AS AND FOR A FOURTH
## CAUSE OF ACTION
### (Civil Theft in Violation of Chapter 772, Florida Statutes)

45.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "21" above, with the same force and effect as if set forth more fully herein.

46.     This is an action pursuant to Chapter 772, Florida Statutes, Florida's Civil Theft Remedies for Criminal Practices Act.

47.     Section 812.014, Florida Statutes, declares that a person commits theft if he knowingly obtains the property of another and appropriates the property for his own use.

48.     Defendant's actions, as further described above, constitute theft within the meaning of Florida Statutes, as Defendant knowingly and willfully obtained Plaintiff's property, i.e., $50,000.00, with the felonious intent to either permanently or temporarily deprive Plaintiff of the benefit therefrom, and to unlawfully appropriate the property to its own use and benefit.

49.     Plaintiff has sent written notice to Defendant pursuant to Section 772.11, Florida Statutes.  A true and correct copy of said written notice is attached hereto as Exhibit "C."

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD • SUITE • 700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-708-7800

JBACKMAN/213926.0013/N0603025_1                 8

PERSHING                    FAX:12014134799         Apr 28 2007  17:19    P.13
Apr-28-06   07:37PM   FROM-BANK OF NY LEGAL DE             212 635 8604

CASE NO.

50.   Despite said written notice, Defendant has failed and refused to return said property

to Plaintiff.

51.   As a result of Defendant's actions, Plaintiff has suffered substantial monetary

damages.

52.   Pursuant to Section 772.11, Florida Statutes, Plaintiff is entitled to an award of

attorneys' fees and costs.

### AS AND FOR A FIFTH
### CAUSE OF ACTION
(Fraud)

53.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1"

through "21" above, with the same force and effect as if set forth more fully herein.

54.   As set forth above, Defendant made false statements or misrepresentations of material

fact to Plaintiff in an effort to defraud Plaintiff and induce Plaintiff to pay Defendant $50,000.00

55.   At the time Defendant made said false representations, it knew that the foregoing

representations were false.

56.   The foregoing misrepresentations made by Defendant were made for the specific

purpose of persuading Plaintiff to pay $50,000.00 to Defendant in exchange for promises Defendant

had no intention of performing.

57.   In justifiable reliance upon the representations of Defendant, Plaintiff agreed to pay

$50,000.00 to Defendant. Additionally, Plaintiff did not seek to find a replacement clearing broker-

dealer.

APR-28-2006  17:21              12014134799                96%                  P.13

CASE NO.

58.   As a direct and proximate result of the actions of Defendant, Plaintiff has suffered

substantial damages.

### AS AND FOR A SIXTH
### CAUSE OF ACTION
**(In the Alternative - Breach of Contract)**

59.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1"

through "21" above, with the same force and effect as if set forth fully herein.

60.   As more fully set forth above, Plaintiff and Defendant entered into the Agreement on

or about May 18, 2004.

61.   In or about April, 2006, Defendant, concerned about the relationship between Plaintiff

and Defendant, contacted Plaintiff, advising Plaintiff of Defendant's insecurity.  Defendant was

concerned due to the fact that both Plaintiff and Defendant had recently been named as Defendants

in lawsuits concerning their handling of customer accounts.  Several conversations took place

between counsel for Plaintiff and counsel for Defendant, resulting in Defendant's request for and

additional $50,000.00 security from Plaintiff.  Plaintiff agreed to provide the additional $50,000.00

security and Defendant agreed to remain as Plaintiff's clearing broker-dealer.

62.   Following this communication, Defendant withdrew $50,000.00 from Plaintiff's

account for Defendant's benefit.  Shortly thereafter, and despite its conversion of the $50,000.00 to

its own use and benefit, Defendant sent Plaintiff a termination letter (the "Termination Notice").  A

true and correct copy of the Termination Notice is attached hereto as Exhibit "B".

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD · SUITE 1700 · FT LAUDERDALE, FLORIDA 33301 · TELEPHONE 954-763-1200 · FAX 954-766-7800

JBACKMAN/213926.0013/N0603025_1                          10

CASE NO.

63.     As an initial matter, the Termination Notice is invalid and relies upon the wrong Paragraph of the Agreement. The Termination Notice states that it is pursuant to Paragraph 23.1 of the Agreement, which pertains to the "Confidential Nature of Documents and Other Information."

64.     Paragraph 22.0, et seq. deals with the manner in which the Agreement may be terminated. Paragraph 22.1 states:

> 22.1    Termination Upon 90-Day Notice.  This Agreement may be terminated by either party without cause upon ninety days prior notice.  If either party terminates the Agreement pursuant to this subparagraph, Pershing [Defendant] shall have the right to impose reasonable limitations upon Broker's activities during the period between the giving of Notice and the transfer of Broker's Accounts.

65.     Defendant has set forth limitations in its Termination Notice that are outrageous and unreasonable, effectively putting Plaintiff out of business. Defendant has refused to do any business on Plaintiff's behalf other than (1) trades to liquidate from positions held in account and (2) first party check requests.  Among other things, Defendant is precluding Plaintiff from buying any securities for its customers until it finds a new clearing broker-dealer.

66.     Defendant's actions are not "reasonable" and not in good-faith. Refusing to purchase securities at the request of Plaintiff on behalf of Plaintiff's customers will effectively shut down Plaintiff's business and destroy its business relationships with its customers.  Plaintiff is in the business of buying and selling securities through its clearing broker-dealer, Defendant, and Defendant has full knowledge of the fact that without such an ability, Plaintiff cannot conduct its everyday business activities.

67.     Defendant's actions and true intentions are further revealed by its Agreement to accept $50,000.00 to remain as the clearing broker-dealer and only days later, sending the

CASE NO.

Termination Notice to Plaintiff. Defendant is seeking to destroy Plaintiff's business and reputation and unfortunately, is succeeding through its tortious conduct.

68.  Based upon the foregoing, Defendant has breached the Agreement.

69.  As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer substantial damages.

### AS AND FOR A SEVENTH
### CAUSE OF ACTION
#### (Unjust Enrichment)

70.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "21" above, with the same force and effect as if set forth more fully herein.

71.  Plaintiff conferred a benefit on Defendant, in that, Plaintiff offered $50,000.00 to Defendant in order to induce Defendant to remain as Plaintiff's clearing broker-dealer.

72.  Defendant has obtained and retained the benefit conferred by Plaintiff by accepting the $50,000.00 and withdrawing the funds from Plaintiff's account.

73.  Plaintiff has been damaged and Defendant has been unjustly enriched.

74.  Plaintiff has suffered and will continue to suffer damages as a result of Defendant's conduct.

75.  Plaintiff has no adequate remedy at law and the circumstances are such that it would be inequitable for Defendant to retain this benefit without paying fair value for same.

WHEREFORE, Plaintiff FARERI FINANCIAL SERVICES, INC. d/b/a AMERIFINANCIAL demands judgment against Defendant as follows:

CASE NO.

    A.      Compelling Defendant and its agents, servants, employees, attorneys, and each of them to continue executing trades, including purchasing securities, for Plaintiff until the 90 day termination period expires or Plaintiff finds a replacement clearing broker-dealer, in addition to the conditions set forth in the Termination Notice;

    B.      Award monetary damages, including the actual loss caused by Defendant's breach of the Agreement and unlawful conduct to Plaintiff's business, goodwill and reputation;

    C.      Award Plaintiff treble damages, reasonable attorneys' fees and costs pursuant to Section 772.11, Florida Statutes, and the Agreement; and

    D.      Grant Plaintiff such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable herein.

DATED: April 25, 2006.

Respectfully submitted,

ADORNO & YOSS LLP

Jay Douglas Atlas
Florida Bar No.: 226246
Jeffrey A. Backman
Florida Bar No. Bar No. 0662501
350 E. Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200 (Telephone)
(954) 766-800 (Facsimile)
Attorneys for Plaintiff Faren Financial Services, Inc.
d/b/a AmeriFinancial

CASE NO.

**UNDER PENALTIES OF PERJURY I DECLARE I HAVE READ THE FOREGOING VERIFIED AMENDED COMPLAINT AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.**

FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL

By: *Anthony Fareri*

Its: PRESIDENT

STATE OF FLORIDA )
                 ) ss:
COUNTY OF PALM BEACH )

The foregoing instrument was acknowledged before me this 23rd day of April, 2006 by
ANTHONY FARERI , PRESIDENT of FARERI FINANCIAL SERVICES, INC. d/b/a
AMERIFINANCIAL, on behalf of the corporation. He/she is personally known to me or has
produced _____ (type of identification) as identification.



NOTARY PUBLIC, STATE OF FLORIDA

*Candace Sametini*

(Print, Type or Stamp Commissioned Name of Notary Public)

**ADORNO & YOSS**
A LIMITED LIABILITY PARTNERSHIP

350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE (954) 763-1200, FAX (954) 766-7800
www.adorno.com

JEFFREY A. BACKMAN                                    DIRECT LINE: (954) 766-7603
                                                     EMAIL: JBACKMAN@adorno.com

April 26, 2006

**VIA FACSIMILE**
The Honorable Edward H. Fine
205 North Dixie Highway
Rm. 11.1216
West Palm Beach, Florida 33401

        Re:    Fareri Financial Services, Inc. v. Pershing LLC
               Case No.: 2006 CA 4038 AH

Dear Judge Fine:

        As you know, we represent Fareri Financial Services, Inc d/b/a Amerifinancial
("Amerifinancial") in connection with the above referenced matter  On April 25, 2006, we filed a
Verified Complaint and Emergency Motion for Temporary Injunction Without Notice and hand
delivered same to Your Honor for review and consideration. On April 26, 2006, we received the
Court's Order Denying Plaintiff's Motion for Temporary Injunction Without Notice. It appears that
the basis for the Court's Order is the fact that the Agreement contains an arbitration clause requiring
the parties to arbitrate any disputes which arise between them.

        While we acknowledge the existence of the arbitration clause in the Agreement, please be
advised that the arbitration forum cannot provide any relief for Plaintiff.  Undersigned counsel
contacted the NASD and reviewed the Rules and Regulations for other alternative dispute resolution
forums and learned that there is no ability to obtain an emergency injunction.  Indeed, the NASD
advised that although it has an expedited hearing process for "injunction" matters, a party cannot
invoke that process unless it first obtains a temporary restraining order from the Courts.  Thus,
Plaintiff is unable to obtain a remedy for the unlawful conduct of Defendant herein which is
destroying Plaintiff's business.  Injunctive relief is an equitable remedy, and the principles of equity
should control under the circumstances.  Should Plaintiff be compelled to pursue its injunction claim
in an alternative dispute resolution forum, it will be nearly three (3) months before any of the issues
raised in Plaintiff's pleadings are addressed or even considered

        We hope that the foregoing provides further guidance to support Plaintiff's Emergency
Motion for Temporary Injunction Without Notice and possibly provides a basis for Your Honor to
reconsider his position.  At the very least, Amerifinancial requests that an expedited hearing be

CALIFORNIA   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON D.C.
JBACKMAN/21)/V26.001/N0603708_1

The Honorable Edward H. Fine
April 26, 2006
Page 2


scheduled on Plaintiff's Emergency Motion so that all of these issue and all of the parties can be
presented to the Court.

Sincerely,

JEFFREY A. BACKMAN

JAB/pp
cc: Pershing LLC [to be served with the Court's Order Denying Plaintiff's Motion for Temporary
Injunction Without Notice]

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 2006 CA 4038 AH

FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL,
    Plaintiff,

vs.

PERSHING, LLC,
    Defendant.

Served
Date 5-2-06   Time 1050 A
MICHAEL C NOLAN NO. 111

is a certified process server
in the Circuit and County Courts
in and for the Second Judicial Circuit

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION WITHOUT NOTICE

This action came before the Court without notice to Defendant upon Plaintiff, Fareri Financial Services, Inc. d/b/a Amerifinancial's Motion for Temporary Injunction. The motion is denied with the following observations:

This motion was brought to the Court immediately upon filing of the verified complaint on April 25, 2006. Defendant is a business operating in New Jersey. Essentially the claim is that the limitations imposed by Defendant pursuant to the parties' clearing agreement are unreasonable limitations pursuant to paragraph 22.1 of the contract between the parties and it is claimed that this will have the effect of irreparably harming Plaintiff within the immediate days and weeks following the filing of this complaint and before any final relief may be obtained by the Court. Therefore Plaintiff seeks a temporary injunction enforcing the rights under the contract.

Though it was not pointed out the Court in examining the contract could not help but notice that the parties have provided that they are waiving their right to seek remedies in court and that "any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted before the New York Stock Exchange, Inc. or NASD Regulation Inc. . .". This is the same contract that Plaintiff is seeking to have enforced in court. The Court sees no reason to consider one portion of the contract without considering the arbitration portions of the contract. There are no exceptions noted to the arbitration provision. Arbitration provisions are meant to apply if

the parties intended it to apply. Therefore the Court concludes that it will not entertain Plaintiff's motions seeking emergency relief without notice to the side who along with Plaintiff contracted to have all obligations determined by arbitration. It should be noted that arbitration is a completely different forum for the resolution of disputes and that both forums cannot proceed simultaneously.

IT IS FURTHER ORDERED THAT IF A COMPLAINT IS SERVED IN THIS ACTION UPON DEFENDANT THAT A COPY OF THIS ORDER SHALL BE SERVED ALONG WITH THE COMPLAINT.

ORDERED at West Palm Beach, Florida, this 26 day of April, 2006.

EDWARD FINE
Circuit Judge

Copy furnished:
Jeffrey A. Backman, Esq.
Adorno & Yoss LLP
350 E. Las Olas Blvd., Suite 1700
Ft. Lauderdale, FL 33301

# BRESSLER, AMERY & ROSS, P.C.

### ATTORNEYS AT LAW

P.O. BOX 279807
MIRAMAR, FL 33027
(954) 499-7979
FAX: (954) 499-7969

———

HAND DELIVERY:
HUNTINGTON CENTRE II
2801 S.W. 149TH AVENUE, SUITE 300
MIRAMAR, FL 33027

———

www.bressler.com

NEW JERSEY OFFICE

325 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932
(973) 514-1200

NEW YORK OFFICE

17 STATE STREET
NEW YORK, NY 10004
(212) 425-9300
bfalk@bressler.com

May 4, 2006

**Via Facsimile & Overnight Mail**

Honorable Edward H. Fine
205 N. Dixie Highway
Room 11.1216
West Palm Beach, Florida 33401

> **Re:**  *Fareri Financial Services, Inc. v. Pershing LLC*
> **Case No.  50 2006 CA 004038**

Dear Judge Fine:

Please be advised that this law firm has entered its appearance as counsel of record for Pershing LLC, the Defendant in the above-referenced matter. This action was filed by Plaintiff on April 25, 2006. The Complaint was served on Corporate Service Company, as registered agent for Pershing, on April 27, 2006. Exhibit "A"

Apparently, Plaintiff also filed an Emergency Motion for a Temporary Injunction Without Notice along with the Complaint. It is disturbing that Plaintiff requested entry of the temporary injunction without notice given that Plaintiff and its counsel have for several weeks been aware of this firm's representation of Pershing in related arbitration claims brought by customers of Plaintiff.

Notwithstanding, this Court denied the motion for temporary injunction on April 26, 2006. The Court's Order stated that "if a Complaint is served in this action upon the Defendant... a copy of this Order shall be served along with the Complaint." Exhibit "B"

On that same day, April 26, 2006, Jeffrey A. Backman, Esq., counsel for Plaintiff, sent you a letter requesting that you reconsider your ruling and enter an Order granting the motion for temporary injunction without notice, or in the alternative, schedule an expedited hearing, apparently with notice. Exhibit "C"

Although that letter reflects a carbon copy to "Pershing LLC [to be served with the Court's Order denying Plaintiff's motion for temporary injunction without notice]," and

790069_1

BRESSLER, AMERY & ROSS, P.C.

May 4, 2006
Page 2

notwithstanding that the Complaint already had been served, that letter and this Court's Order were not served upon Pershing LLC's corporate agent until May 2, 2006.  Exhibit "D"

Further, in serving Defendant's corporate agent with the April 26, 2006 Order and letter, Plaintiff's counsel gave them express instructions to "please serve Pershing LLC with these documents on a REGULAR basis," rather than on an expedited basis.  Exhibit "E"  These papers were actually received by Pershing yesterday, May 3, 2006.

The purpose of this letter is to apprise the Court that Defendant Pershing has concerns that Plaintiff deliberately has tried to avoid or delay providing notice to Defendant of its attempt to obtain an injunction in these proceedings.  Defendant respectfully requests that if the Court is inclined to reconsider Plaintiff's motion, that Plaintiff be required to give the undersigned counsel notice of the hearing so that Pershing may have an opportunity to defend.

Thank you for your consideration.

Respectfully submitted,

for  Bennett Falk

BF/jep
c:      Jeffrey A. Backman, Esq. (*via facsimile & U.S. Mail*)
        Clerk of Court – Case No. 50 2006 CA 004038 XXXX MB

Apr-28-06   01:35pm   From-BANK OF ! EGAL 29                    1 212 635 1060        T-787  P 003   F-183



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

TTG / ALL
Transmittal Number: 4451709
Date Processed: 04/27/2006

Primary Contact:       Mr. Anthony Mancuso
                       Bank of New York
                       One Wall Street
                       Floor 29th
                       New York, NY 10286

| | |
|---|---|
| Entity: | Pershing LLC |
| | Entity ID Number 2124688 |
| Entity Served: | Pershing LLC |
| Title of Action: | Fareri Financial Services, Inc. vs. Pershing LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Palm Beach County Circuit Court, Florida |
| Case Number: | 50 2006 CA 004038 XXXX MB |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 04/27/2006 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Jan Douglas Atlas |
| | 954-763-1200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 2006 CA 4038 AH

FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL,
    Plaintiff,

vs.

PERSHING, LLC,
    Defendant.

Date 5-2-06   Served 1050 Am   Time 1050 Am
MICHAEL C. NOLAN NO. 111
is a certified process server
in the Circuit and County Courts
in and for the Second Judicial Circuit

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION WITHOUT NOTICE

This action came before the Court without notice to Defendant upon Plaintiff, Fareri Financial Services, Inc. d/b/a Amerifinancial's Motion for Temporary Injunction. The motion is denied with the following observations:

This motion was brought to the Court immediately upon filing of the verified complaint on April 25, 2006. Defendant is a business operating in New Jersey. Essentially the claim is that the limitations imposed by Defendant pursuant to the parties' clearing agreement are unreasonable limitations pursuant to paragraph 22.1 of the contract between the parties and it is claimed that this will have the effect of irreparably harming Plaintiff within the immediate days and weeks following the filing of this complaint and before any final relief may be obtained by the Court. Therefore Plaintiff seeks a temporary injunction enforcing the rights under the contract.

Though it was not pointed out the Court in examining the contract could not help but notice that the parties have provided that they are waiving their right to seek remedies in court and that "any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted before the New York Stock Exchange, Inc. or NASD Regulation Inc. . .". This is the same contract that Plaintiff is seeking to have enforced in court. The Court sees no reason to consider one portion of the contract without considering the arbitration portions of the contract. There are no exceptions noted to the arbitration provision. Arbitration provisions are meant to apply if

# EXHIBIT B

the parties intended it to apply.  Therefore the Court concludes that it will not entertain Plaintiff's motions seeking emergency relief without notice to the side who along with Plaintiff contracted to have all obligations determined by arbitration.  It should be noted that arbitration is a completely different forum for the resolution of disputes and that both forums cannot proceed simultaneously.

IT IS FURTHER ORDERED THAT IF A COMPLAINT IS SERVED IN THIS ACTION UPON DEFENDANT THAT A COPY OF THIS ORDER SHALL BE SERVED ALONG WITH THE COMPLAINT.

ORDERED at West Palm Beach, Florida, this 26 day of April, 2006.

EDWARD FINE
Circuit Judge

Copy furnished:
Jeffrey A. Backman, Esq.
Adorno & Yoss LLP
350 E. Las Olas Blvd., Suite 1700
Ft. Lauderdale, FL 33301

**ADORNO & YOSS**

A LIMITED LIABILITY PARTNERSHIP

350 EAST LAS OLAS BOULEVARD SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE (954) 763-1200, FAX (954) 766-7800
www.adorno.com

JEFFREY A. BACKMAN

DIRECT LINE: (954) 766-7803
EMAIL: JBACKMAN@ADORNO.COM

April 26, 2006

<u>**VIA FACSIMILE**</u>
The Honorable Edward H. Fine
205 North Dixie Highway
Rm. 11.1216
West Palm Beach, Florida 33401

      Re:    Fareri Financial Services, Inc. v. Pershing LLC
               Case No.: 2006 CA 4038 AH

Dear Judge Fine:

      As you know, we represent Fareri Financial Services, Inc. d/b/a Amerifinancial ("Amerifinancial") in connection with the above referenced matter. On April 25, 2006, we filed a Verified Complaint and Emergency Motion for Temporary Injunction Without Notice and hand delivered same to Your Honor for review and consideration. On April 26, 2006, we received the Court's Order Denying Plaintiff's Motion for Temporary Injunction Without Notice. It appears that the basis for the Court's Order is the fact that the Agreement contains an arbitration clause requiring the parties to arbitrate any disputes which arise between them.

      While we acknowledge the existence of the arbitration clause in the Agreement, please be advised that the arbitration forum cannot provide any relief for Plaintiff. Undersigned counsel contacted the NASD and reviewed the Rules and Regulations for other alternative dispute resolution forums and learned that there is no ability to obtain an emergency injunction. Indeed, the NASD advised that although it has an expedited hearing process for "injunction" matters, a party cannot invoke that process unless it first obtains a temporary restraining order from the Courts. Thus, Plaintiff is unable to obtain a remedy for the unlawful conduct of Defendant herein which is destroying Plaintiff's business. Injunctive relief is an equitable remedy, and the principles of equity should control under the circumstances. Should Plaintiff be compelled to pursue its injunction claim in an alternative dispute resolution forum, it will be nearly three (3) months before any of the issues raised in Plaintiff's pleadings are addressed or even considered.

      We hope that the foregoing provides further guidance to support Plaintiff's Emergency Motion for Temporary Injunction Without Notice and possibly provides a basis for Your Honor to reconsider his position. At the very least, Amerifinancial requests that an expedited hearing be

CALIFORNIA   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D.C.

JBACKMAN/213926.001.1/N0603768_1

# EXHIBIT C

The Honorable Edward H. Fine
April 26, 2006
Page 2

scheduled on Plaintiff's Emergency Motion so that all of these issue and all of the parties can be presented to the Court.

Sincerely,

JEFFREY A. BACKMAN

JAB/pp
cc: Pershing LLC [to be served with the Court's Order Denying Plaintiff's Motion for Temporary Injunction Without Notice]

CALIFORNIA   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D C

JBACKMAN/213926 0013/N0603761 1



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

NJP / ALL
Transmittal Number: 4459372
Date Processed: 05/03/2006

| | |
|---|---|
| Primary Contact: | Mr. Anthony Mancuso<br>Bank of New York<br>One Wall Street<br>Floor 29th<br>New York, NY 10286 |

| | |
|---|---|
| Entity: | Pershing LLC<br>Entity ID Number 2124888 |
| Entity Served: | Pershing LLC |
| Title of Action: | Farerl Financial Services, Inc. vs. Pershing, LLC |
| Documents(s) Type: | Order |
| Nature of Action: | Contract |
| Court: | Circuit Court of Palm Beach County, Florida |
| Case Number: | 2006 CA 4038 AH |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 05/02/2006 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Jeffrey A. Backman<br>954-766-7803 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT D

# ADORNO

Service Company... Please send all requested... CT or Registered Agent, Corporation 1200 South Pine Island Street, Tallahassee, FL 32301

1. 2 copies of correspondence with Judge Fine dated April 27, 2006; and
2. 2 copies of an Order Denying Plaintiff's Motion for Temporary Injunction Without Notice.

Please serve Pershing LLC with these documents on a REGULAR basis.

Thank you for your assistance and, if you have any questions or need further information, please do not hesitate to contact me at (954) 766-7828.

**EXHIBIT E**

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.  50 2006 CA 004038 MB

FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL,

      Plaintiff,

vs.

PERSHING, LLC,

      Defendant.

_____/

## NOTICE OF APPEARANCE

The law firm of Bressler, Amery & Ross, P.C., enters its appearance as counsel of record

on behalf of Defendant Pershing LLC.  By entering this appearance, Pershing LLC does not

waive and expressly reserves its right to compel arbitration of this dispute.

      Respectfully Submitted,

      BRESSLER, AMERY & ROSS, P.C.
      Attorneys for Defendant Pershing LLC
      2801 SW 149th Avenue, Suite 300
      Miramar, Florida 33027
      Telephone:  954.499.7979
      Facsimile:  954.499.7969
      bfalk@bressler.com
      cstern@bressler.com

BY: _____ 334499
      Bennett Falk
        Fla. Bar No. 208884
      Coren H. Stern
        Fla. Bar No. 0644218

790043_1

CASE NO. 30 2    CA 004038 MB

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Notice of Appearance* has been furnished *via* facsimile and U.S. Mail to Jan D. Atlas, Esq./Jeffrey A. Backman, Esq., Adorno & Yoss LLP, 350 E. Las Olas Boulevard, Suite 1700, Ft. Lauderdale, Florida 33301 on this 4th day of May, 2006.

_____

for Bennett Falk

790043_1

2

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FARERI FINANCIAL SERVICES, INC. d/b/a/ AMERIFINANCIAL

MAGISTRATE JUDGE

**DEFENDANTS**
PERSHING, LLC

CIV-RYSKAMP

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Hudson County, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

# 06-80453

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Adorno & Yoss, 350 East Las Olas Blvd., Suite 1700, Fort Lauderdale, Florida 33301, (954)-763-1200

Attorneys (If Known)
Bressler, Amery & Ross, PC, 2801 SW 149th Avenue, Suite 300, Miramar, Florida, 33027, (954)-499-7979

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☐ 2 | U.S. Government Defendant |
| ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☒ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 USC Section 1332, et seq.
Brief description of cause:
Concerns Defendant's alleged breach of contract, tortious interference, fraud, civil theft, unjust enrichment and conversion

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                   DOCKET NUMBER

DATE   05/05/2006

SIGNATURE OF ATTORNEY OF RECORD
Bennett Falk   334499 for Bennett Falk

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE